```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF ALABAMA
              SOUTHERN DIVISION
```

HARVEY CANTRELL,                  *
                                  *
    Plaintiff,                    *
                                  *
vs.                               *  CIVIL ACTION NO. 22-00139-TFM-B
                                  *
ONE MAIN FINANCE,                 *
                                  *
    Defendant.                    *

## REPORT AND RECOMMENDATION

This action is before the Court for review. Plaintiff Harvey Cantrell filed a *pro se* complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2).[1] After reviewing the complaint, the Court noted that it was essentially blank and directed Cantrell to file an amended complaint addressing and correcting the deficiencies noted in the Court's order. (Doc. 4). In response, Cantrell filed an amended complaint that is now his operative pleading. (Doc. 5). For the reasons stated herein, the undersigned recommends that this action be **DISMISSED with prejudice** based on Cantrell's failure to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's order.

---

[1] This action was referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3).

## I. BACKGROUND

Cantrell's initial complaint was on this Court's form for a prisoner complaint under 42 U.S.C. § 1983, but his listed address and accompanying envelope suggested that he was not incarcerated. (See Doc. 1). Cantrell filled out the section of the prisoner complaint form related to previous lawsuits and signed the complaint form, but he otherwise left the complaint form entirely blank, omitting the case style, the parties to the present action, and any factual allegations or claims. (See id.).

Upon review of Cantrell's complaint, the undersigned observed that it had numerous deficiencies and entered an order requiring Cantrell to file an amended complaint addressing and correcting the deficiencies noted by the Court. (Doc. 4). Specifically, the Court informed Cantrell that his complaint was deficient because it did not name the parties to the present action and did not provide any, much less sufficient, factual information to provide notice of the actions purportedly taken by a defendant to violate his legal rights or the specific claims he was attempting to assert. (Id. at 2-3). The Court further noted that Cantrell's blank complaint form did not reveal facts providing a basis for federal subject matter jurisdiction. (Id. at 5-6). The Court also noted that Cantrell's Illinois address and the information provided in the section of the complaint form related to previous lawsuits raised concerns that he was forum shopping by filing an

2

action in this district. (Id. at 1-2 & n.2). The Court ordered Cantrell to file an amended complaint by May 4, 2022, and it warned him that failure to timely file an amended complaint that corrected the noted deficiencies would result in a recommendation that this case be dismissed. (Id. at 7).[2]

In response to the Court's order, Cantrell filed an amended complaint[3] and a second motion to proceed without prepayment of fees on April 18, 2022. (Docs. 5, 6). In the amended complaint, Cantrell lists an Illinois address for himself and lists the defendant(s) name(s) and address(es) as follows:

> One Main Finance
> One Main Financal [sic] Inc
> 601 N.W. Second Street Evansville
> IN. 47708-1013

(Doc. 5 at 1). As grounds for jurisdiction, Cantrell states the following: "Because the court's [sic] of IL refused to do there [sic] job." (Id.). When prompted to briefly state his legal claim or reason for filing suit and include the statute under which the suit is filed, Cantrell states: "loan sharking." (Id. at 2). When prompted to give a brief statement of the specific facts involved

---

[2] The Court noted that it was postponing consideration of Cantrell's motion to proceed without prepayment of fees until his complaint's deficiencies were satisfactorily addressed. (Doc. 4 at 1 n.1).

[3] Cantrell's amended complaint utilizes the complaint format listed in Appendix A of this Court's Pro Se Litigant Handbook. (See Doc. 5).

3

in his case, Cantrell states: "Taking money and not batting it on the prinsapal [sic]." (Id.). With regard to the relief he is requesting, Cantrell states that he is "suing them in the amount of 7 million for what they have done to me." (Id.).

**II.  STANDARDS OF REVIEW**

**A.  28 U.S.C. § 1915(e)(2)(B).**

Because Cantrell is seeking to proceed *in forma pauperis*, this Court has reviewed his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). That statute requires a district court to dismiss the action of a plaintiff proceeding *in forma pauperis* if it determines the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A case is frivolous under § 1915(e)(2)(B)(i) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals

4

under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not require detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

**B.    Federal Rules of Civil Procedure 8 and 10.**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Federal Rule of Civil Procedure 10(b) further provides that "[a] party must state its claims . . . in numbered paragraphs, each limited

5

as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

C. *Pro Se* **Litigation.**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome,

6

863 F.2d 835, 837 (11th Cir. 1989).

III. **DISCUSSION**

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff must affirmatively allege facts establishing the existence of jurisdiction. Taylor, 30 F.3d at 1367.

In the repleading order dated April 8, 2022, the Court informed Cantrell that "[t]o establish federal subject matter jurisdiction for this action, [he] must show the existence of either diversity jurisdiction (pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331)."

7

(Doc. 4 at 6-7 n.4). The Court further informed Cantrell that he was required to provide a short and plain statement identifying the basis for this Court's jurisdiction and to allege sufficient facts to demonstrate the existence of federal subject matter jurisdiction. (Id. at 5-6). Notwithstanding the Court's explanation and directives, Cantrell's amended complaint alleges that this Court has jurisdiction because the courts of Illinois "refused to do there [sic] job." (Doc. 5 at 1). As this Court has previously informed Cantrell,[4] such an assertion is not a proper basis for federal district court subject matter

---

[4] In Cantrell v. Wilkie, No. 1:21-cv-00042-JB-MU (S.D. Ala. 2021), Cantrell filed a motion seeking to appeal to this Court a decision of a federal court in Illinois regarding his claim for VA benefits. ECF No. 1. The Court informed Cantrell that this was improper because federal district courts are without jurisdiction to review the decisions of other federal district courts and have no subject matter jurisdiction over claims regarding VA benefits. Id., ECF No. 5. Based on the absence of subject matter jurisdiction, the Court dismissed Cantrell's action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). ECF No. 5, 7, 8. In Cantrell v. Dep't of Veterans Affairs, No. 1:21-cv-00409-JB-MU (S.D. Ala. 2021), Cantrell raised essentially the same allegations regarding VA benefits that he had raised in the earlier case. ECF No. 1. The Court again informed Cantrell that federal district courts have no subject matter jurisdiction over claims regarding benefits to veterans by the VA and dismissed the action as frivolous pursuant to § 1915(e)(2)(B)(i).

In Cantrell v. White, No. 1:21-cv-00043-JB-MU (S.D. Ala. 2021), Cantrell filed a self-styled motion to appeal which alleged that his civil rights "were not upheld" in the federal courts of Illinois. ECF No. 1. Again, this Court noted that federal district courts have no jurisdiction to review decisions of other federal district courts and dismissed Cantrell's action as frivolous pursuant to § 1915(e)(2)(B)(i) based on lack of subject matter jurisdiction. ECF No. 4, 5, 6.

jurisdiction.

Even assuming *arguendo* that Cantrell's deficient jurisdictional allegations are curable, dismissal of this action is warranted based on Cantrell's failure to state a claim on which relief may be granted and his failure to comply with the Court's order to plead an amended complaint that complies with Rule 8(a). In the repleading order, the Court informed Cantrell that he was required to plead sufficient factual information to provide fair notice of what he is claiming and the factual grounds for each claim. (Doc. 4 at 2-3). In response, Cantrell filed an amended complaint that essentially consists of a claim of "loan sharking" with no accompanying statutory reference, and a vague allegation of "[t]aking money and not batting it on the prinsapal [sic]." (See Doc. 5 at 2). This barebones allegation, which is devoid of factual enhancement and does not even form a complete sentence, falls woefully short of plausibly suggesting a defendant is liable for the conduct alleged and fails to provide adequate notice of the factual basis for Cantrell's claim. See Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678.

In addition to the deficiencies noted above, it appears that this lawsuit is an attempt by Cantrell to resubmit to this Court, which has no apparent connection to the parties or controversy at issue, the same claim that a federal district court in Illinois already considered and found frivolous. See Cantrell v. One Main

Finance, No. 3:21-cv-01766-SPM (S.D. Ill. 2021)[5]; (Doc. 1 at 3; Doc. 5 at 1). This continues Cantrell's troubling pattern of resubmitting claims in this Court after being denied relief as to those claims by the federal courts of his home state. See Cantrell v. Wilkie, No. 1:21-cv-00042-JB-MU (S.D. Ala. 2021); Cantrell v. White, No. 1:21-cv-00043-JB-MU; Cantrell v. Dep't of Veterans Affairs, No. 1:21-cv-409-JB-MU (S.D. Ala. 2021).

As the undersigned previously informed Cantrell (see Doc. 4 at 3-4), dismissal of an action is appropriate when the plaintiff fails to comply with the court's order to file an amended complaint that complies with the rules of civil procedure and provides fair notice of his claims. See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (stating that if a plaintiff fails to remedy pleading defects after being given "fair notice of the defects and a meaningful chance to fix them[,]" the "district court

---

[5] The court in the Southern District of Illinois found that Cantrell's allegations were frivolous because his complaint described "a garden variety loan arrangement between lender and borrower that does not appear to violate the Constitution or any statute that comes to mind," and that, in fact, the loan agreement and activity statements attached to Cantrell's complaint "reveal that One Main Finance is charging him the amount they both agreed to according to the payment schedule in the loan agreement." Cantrell v. One Main Finance, No. 3:21-cv-01766-SPM (S.D. Ill. 2021), ECF No. 8. The court also noted that Cantrell had filed two frivolous lawsuits in the Southern District of Illinois and warned him that if he filed another frivolous lawsuit, it would impose a financial sanction pursuant to Federal Rule of Civil Procedure 11 and bar him from further filing until he paid that sanction. Id.

does not abuse its discretion in dismissing the case with prejudice"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Th[e] initial repleading order comes with an implicit 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'") (citation omitted); Arrington v. Green, 757 F. App'x 796, 798 (11th Cir. 2018) (per curiam) (finding the district court did not abuse its discretion in dismissing the *pro se* plaintiff's amended complaint with prejudice after the court informed him of the nature of his shotgun pleading, gave him the opportunity to replead, and the amended complaint "failed to correct the deficiencies previously identified by the district court").

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[6] "In addition to its power under Rule 41(b),

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

11

a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The undersigned recommends that the instant action be dismissed with prejudice based on Cantrell's failure to obey the Court's order to file an amended complaint that sets forth a valid basis for federal jurisdiction and states a claim upon which relief may be granted.  In the repleading order, the undersigned catalogued the original complaint's deficiencies and explained to Cantrell how he was to remedy those deficiencies in his amended complaint.  (See Doc. 4).  The Court warned Cantrell that his failure to timely file a complying amended complaint would subject this action to dismissal.  (Id. at 7).  Yet, ignoring the Court's directives, Cantrell filed an amended complaint that identifies no valid basis for this Court's jurisdiction, fails to comply with Rule 8(a), and fails to state a claim on which relief can be granted.  The Court concludes that Cantrell's failure to comply is

willful, as evidenced by his assertion that this Court has jurisdiction because the courts of Illinois "refused to do there [sic] job" (see Doc. 5 at 1), despite having been informed of the possible bases for federal subject matter jurisdiction and having had at least two prior cases dismissed on the basis that this Court does not have jurisdiction to review a decision of another federal district court. The Court further notes that Cantrell has filed multiple frivolous lawsuits in various federal courts, thereby requiring the courts to expend limited and valuable resources reviewing and disposing of his vexatious filings. The Court also finds that lesser sanctions will not suffice because this litigation cannot proceed without a valid jurisdictional basis and a pleading that states a claim for relief, and there is nothing to suggest that Cantrell is capable of curing his repeated failures to state a valid jurisdictional basis or claim for relief. Accordingly, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) and this Court's inherent authority, because Cantrell has willfully disregarded this Court's directives and no lesser sanction will suffice.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED with prejudice** pursuant to Rule 41(b) and this Court's inherent authority for Cantrell's failure to file an

amended complaint that complies with the Federal Rules of Civil Procedure and this Court's order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **May, 2022.**

                                                       **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**