IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARVEY CANTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:22-cv-139-TFM-B |
| | ) |
| ONE MAIN FINANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On May 13, 2022, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 8. Plaintiff timely filed objections to the Report and Recommendation. Therefore, the matter is ripe for review.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court

finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

It is clear that dismissal under Fed. R. Civ. P. 41(b) and the Court's inherent authority can be done with prejudice. It is also clear that Plaintiff failed to comply. However, at the root of this matter is the underlying issue of the Court's jurisdiction (both subject matter and personal).

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The Magistrate Judge made it clear to the Plaintiff that his complaint was deficient and was very specific on what needed to be done to correct it. *See* Doc. 4. The Amended Complaint did nothing to correct the jurisdictional deficiencies. The same can be said about Plaintiff's objections to the Report and Recommendation. *See* Doc. 9. The objections are generalized grievances regarding loan sharking; yet, the objections still do not provide a basis for <u>this</u> Court's jurisdiction.

Therefore, it remains unclear that the Court has jurisdiction which was Plaintiff's burden to satisfy. Consequently, if there is no jurisdiction, the Court lacks the authority to make a merits-based determination. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008); *Sanchez v. Ocwen Loan Servicing, LLC*, 840 F. App'x 419, 421 (11th Cir. 2020). A "with prejudice" dismissal functionally makes that merits determination since it bars

future suit in any court.  Therefore, the Court determines that a "with prejudice" dismissal beyond the Court's authority given the Plaintiff failed to establish federal jurisdiction.  As such, the Court rejects the "with prejudice" finding of the Report and Recommendation and modifies the dismissal to one that is "without prejudice."

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED as modified and supplemented** and this action is **DISMISSED without prejudice**.

**DONE** and **ORDERED** this 16th day of August, 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE